UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRENCE KELLY,
     Plaintiff,

vs.                        Case No.: 3:24cv102/LC/ZCB

CHIP W. SIMMONS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint. (Doc. 1). The Court previously informed Plaintiff of deficiencies in his complaint and instructed him to file an amended complaint. (Doc. 9). Plaintiff has now filed an amended complaint. (Doc. 13). Because Plaintiff is proceeding *in forma pauperis* (Doc. 5), the Court is statutorily required to review the amended complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the amended complaint, the Court believes dismissal is

1

warranted for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.    Background

Plaintiff's amended complaint names three Defendants:  Chip Simmons, the Sheriff of Escambia County; M. Housam, an Escambia County deputy; and Escambia County.  (Doc. 13 at 1-3).  Plaintiff explicitly states that he is suing Defendants Simmons and Housam in only their official capacities.  (*Id.* at 2-3).

Plaintiff alleges that on October 4, 2023, federal and county law enforcement agents, including Deputy Housam, arrested him on federal and state warrants.  (*Id.* at 5).  During the arrest, Deputy Housam released his police canine even though Plaintiff says he had surrendered

---

[1] Plaintiff was given an opportunity to file an amended complaint when a prior version was found deficient.  (*See* Doc. 9).  Although Plaintiff has filed an amended complaint, the deficiencies remain.  Thus, dismissal is warranted.  *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

with his hands up. (*Id.*). The dog injured Plaintiff's right arm, lower back, and buttocks. (*Id.*).

Plaintiff asserts an Eighth Amendment claim against Defendants. (*Id.* at 7). He asserts Deputy Housam's use of force was excessive. (*Id.* at 5). Plaintiff asserts Sheriff Simmons hires individual who abuse their authority, and the sheriff should know that some of his officers are "crooked." (*Id.* at 6). Plaintiff asserts Escambia County failed to supervise its officials to ensure they were "doing the right thing" and keeping the community safe from harmful individuals. (*Id.*). Plaintiff seeks two million dollars and expungement of his criminal record. (*Id.* at 7).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id*. at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. Thus, "assertions devoid of further factual enhancement" fail to satisfy the pleading standard under Rule 8. *Id*. at 678.

### III.   Discussion

As previously discussed, Plaintiff sues Sheriff Simmons and Officer Housam in only their official capacities.  (Doc. 13 at 2-3).  A suit against a public official in his official capacity is considered a suit against the local government entity he represents.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.5 (1978); *see also Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989).  That means Plaintiff's claims against Simmons and Housam are claims against Defendant Escambia County.  *Mighty v. Miami-Dade Cnty.*, 659 F. App'x 969, 973 (11th Cir. 2016) (explaining that plaintiff's official capacity claim against defendant officer for use of force was redundant of plaintiff's claim against defendant county).

A civil rights plaintiff suing a municipal entity such as Escambia County must show (1) "his constitutional rights were violated," (2) the county "had a custom or policy that constituted deliberate indifference to that constitutional right," and (3) "the policy or custom caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  In other words, Plaintiff must identify a particular municipal "policy" or

"custom" that caused the constitutional injury.  *Bd. of Cnty. Comm'rs v.*
*Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 690.

To establish a policy, a plaintiff must identify either (1) an officially
promulgated policy or (2) an unofficial custom or practice shown through
the repeated acts of a final policymaker.  *Glech v. Clayton Cnty.*, 335 F.3d
1326, 1329-30 (11th Cir. 2003); *Griffin v. City of Opa–Locka*, 261 F.3d
1295, 1307 (11th Cir. 2001).

"Because a county rarely will have an officially-adopted policy of
permitting a particular constitutional violation, most plaintiffs . . . must
show that the county has a custom or practice of permitting it and that
the county's custom or practice is the moving force behind the
constitutional violation."  *Glech*, 335 F.3d at 1330 (cleaned up).  "[A]
municipality's failure to correct the constitutionally offensive actions of
its employees can rise to the level of a custom or policy if the municipality
tacitly authorizes these actions or displays deliberate indifference
towards the misconduct."  *Griffin*, 261 F.3d at 1307 (cleaned up); *see also*
*Hines v. Parker*, 725 F. App'x 801, 806 (11th Cir. 2018).  "If the authorized
policymakers approve a subordinate's decision and the basis for it, their

6

ratification would be chargeable to the municipality because their decision is final." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

Here, Plaintiff has not alleged that Escambia County or the Escambia County Sheriff's Office had a policy, custom, or practice of permitting officers to release canines on suspects after they had surrendered. *See Plowright v. Miami Dade Cnty.*, 102 F.4th 1358, 1370 (11th Cir. 2024) (holding that plaintiff failed to state a basis for holding the county liable for officers' shooting of a suspect's dog where plaintiff alleged in conclusory fashion that the county had a custom of shooting dogs but failed to alleges facts plausibly indicating that there was such a custom).

Plaintiff also has not stated a plausible § 1983 claim based on a theory of failure to train or supervise. Municipal policy or custom may include a failure to provide adequate training if the deficiency "evidences a deliberate indifference to the rights of its inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). To establish deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality

7

made a deliberate choice not to take any action." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir.1998).  A county may be put on notice in two ways.  First, if the county is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, it is considered to be deliberately indifferent. *Id.* at 1351.  Alternatively, deliberate indifference may be proven without evidence of prior incidents, if the likelihood for constitutional violation is so high that the need for training would be obvious. *Id.* at 1351-52.  The alternative option—using a single incident as the basis for liability—is rare and available in only a "narrow range of circumstances." *Harris*, 489 U.S. at 390 & n.10; *see also Chisesi v. Hunady*, 2024 WL 1638587, at \*7 (11th Cir. Apr. 16, 2024).

Here, Plaintiff has not alleged that there was a complete absence of training on the use of canines to apprehend suspects.  Plaintiff also has not alleged any facts that permit a reasonable inference that the County or Sheriff's Office was aware, prior to the incident involving Plaintiff, of a need to provide further training or supervision on the use of canines in apprehending suspects.  For these reasons, Plaintiff has not stated a plausible § 1983 claim against Escambia County on a failure to train or

supervise theory. *Plowright*, 102 F. 4th at 1370 (holding that plaintiff failed to state a claim under a failure to train or supervise theory where plaintiff alleged no facts indicating that the county was aware of the need to train or supervise its employees with respect to the specific conduct at issue, and plaintiff's naked statement that the county "knew or should have known" that the offending officers were not adequately trained was insufficient to satisfy the *Iqbal* pleading standard).[2]

Plaintiff's § 1983 claim premised upon the sheriff's or County's hiring decisions fares no better. The deliberate indifference standard applies to a claim that a municipality failed to properly screen new applicants. *Bd. Of Cnty. Comm'rs. Of Bryan Cnty., Okl. v. Brown*, 520

---

[2] *See also Lewis v. City of Marietta*, No. 23-10614, 2023 WL 8234291, at *2 (11th Cir. Nov. 28, 2023) (affirming dismissal of plaintiffs' § 1983 claims against the City for officer's use of excessive force where plaintiffs made broad and conclusory allegations regarding policies and training of City officers but failed to allege facts supporting those allegations or showing that the City knew of a need to train and/or supervise in a particular area yet made deliberate choice not to take any action); *Sosa v. Martin Cnty., Fla.*, No. 20-12781, 2023 WL 1776253, at *7-9 (11th Cir. Feb. 6, 2023) (affirming dismissal of plaintiff's *Monell* claims for failure to allege a plausible claim that a policy, custom, or practice caused plaintiff's alleged constitutional injury).

U.S. 397, 407 (1997); *Griffin*, 261 F.3d at 1313; *Brown v. City of Atlanta*, No. 21-13565, 2023 WL 3244833, at *2 (11th Cir. May 4, 2023). Failing to adequately scrutinize an applicant's background will constitute deliberate indifference "where adequate scrutiny of the applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right." *Brown*, 520 U.S. at 398.

Here, Plaintiff has not alleged sufficient facts that would permit a reasonable inference of deliberate indifference in the hiring of Deputy Housam. For this reason, Plaintiff's § 1983 claim based upon the County's hiring practices should be dismissed. *See*, *e.g.*, *Bembry v. City of Tallahassee*, No. 4:05cv286/SPM, 2006 WL 1080676, at *9 (N.D. Fla. Apr. 24, 2006) (dismissing plaintiff's excessive force claim against the city based on failure to adequately screen potential employees where plaintiff's allegations failed to meet *Brown* standard).

Because Plaintiff's amended complaint does not plausibly allege a policy or custom that caused the alleged constitutional violation, nor facts

10

that plausibly could be construed as a policy or custom, he has failed to plausibly allege a § 1983 claim against the County. And because Plaintiff official capacity claims against Sheriff Simmons and Deputy Housam are redundant of the claims against the County, those claims must be dismissed.[3] *See Higdon v. Fulton Cnty., Ga.*, 746 F. App'x 796, 799 (11th Cir. 2018) (explaining that plaintiff's official capacity claims against judges and commissioner were subject to dismissal as redundant of the claims against the county).

## IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

---

[3] The Court previously advised Plaintiff of the pleading requirements for stating an individual capacity claim of excessive force under the Fourth Amendment. (Doc. 9 at 5-7). The Court also told Plaintiff that an official capacity claim against a County employee was a claim against the County and advised him of the pleading requirements for stating a claim against the County. (*Id.* at 8-9 & n.1). Armed with this information and a complaint form that provided Plaintiff the opportunity to sue each Defendant in his individual capacity or official capacity or both, Plaintiff chose to sue Sheriff Simmons and Deputy Housam in only their official capacities (Doc. 13 at 2-3) and failed to satisfy the pleading standard for stating a plausible official capacity claim.

1.   This case be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.   The Clerk of Court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 24th day of July 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.